# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO.: 22-14136

AMERISURE INSURANCE
COMPANY and AMERISURE
MUTUAL INSURANCE COMPANY,

     Plaintiffs-Appellees,

v.

LANDMARK AMERICAN
INSURANCE COMPANY,

     Defendant-Appellant.

THE AUCHTER COMPANY, ARCH
INSURANCE COMPANY, and TSG
INDUSTRIES, INC.,

     Defendants.

_____/

## APPELLANT LANDMARK AMERICAN INSURANCE COMPANY'S AND APPELLEES AMERISURE INSURANCE COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY'S JOINT RESPONSE TO THE JURISDICTIONAL QUESTION

Defendant-Appellant, Landmark American Insurance Company ("Landmark") and Plaintiffs-Appellees Amerisure Insurance Company and Amerisure Mutual Insurance Company ("Amerisure"), hereby respond to this Court's jurisdictional questions as follows:

1

## JURISDICTIONAL QUESTION

Please address whether the district court has entered a final and appealable order, including whether all claims asserted, by any party, against The Auchter Company, TSG Industries, Inc., and B & B of Duval Companies, Inc. have been resolved. See 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012) (holding that an order that disposes of fewer than all of the claims of all the parties to an action is not final or immediately appealable unless the district court certifies the order for immediate review pursuant to Fed. R. Civ. P. 54(b)).

## JOINT RESPONSE WITH INCORPORATED MEMORANDUM

1.     Landmark and Amerisure jointly maintain that this Court has appellate jurisdiction under 28 U.S.C. § 1291 because the District Court's judgment, entered on November 17, 2022 [D.E. 343], is final and disposes of all claims and causes of action between the parties. Landmark and Amerisure further maintain that there are no other claims pending between the parties to this Action, and the District Court's Order of November 17, 2022 completely disposed of all claims.

2.     This insurance coverage action stems from a Final Judgment entered in a construction defect lawsuit styled *Riverside Avenue Partners, Ltd. v. The Auchter Company,* Case No.: 16-2010-CA-006433, previously pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida ("Underlying Action"). The Underlying Action adjudicated liability in regards to alleged defects in the construction of the thirteen-story office building located at 501 Riverside Avenue, Jacksonville, Florida ("the Project"), for which The Auchter Company ("Auchter") was the general contractor and Arch Insurance Company ("Arch") was

the surety.  The dispute in this Action focuses on the extent and priority of the coverage obligations (and other components) owed with respect to the liability of Auchter (and Arch as its former assignee) in relation to the Final Judgment entered in the Underlying Action.  [D.E. 24-1].

3.     On November 5, 2014, the Final Judgment was entered in the Underlying Action in favor of the underlying plaintiff.  [D.E. 24-1].  Among other components, Auchter and Arch were found liable to the underlying plaintiff for $5,067,033.01 for the building envelope (*i.e.,* curtain wall system).  [D.E. 24-1, p. 46].  As part of the Final Judgment, the underlying trial court also found in favor of Arch and Auchter on their third-party complaint against TSG Industries ("TSG") and B & B Duval Companies ("B & B").  [*Id.*, p. 83-85, 87].

4.     Following entry of the Final judgment in the Underlying Action, Arch entered into a settlement agreement with the underlying plaintiff whereby Arch satisfied all amounts due and owing on behalf of Auchter and Arch pursuant to the Final Judgment.  [D.E. 116, p. 8-9, ¶¶27-33].  In having satisfied the Final Judgment on behalf of itself and Auchter, Arch was subrogated to the position of Auchter. Further, Auchter assigned Arch all of Auchter's rights under its policies of insurance via the General Indemnity Agreement ("GIA").  [*Id.*; D.E. 110-21, Assignment; D.E. 110-22, General Indemnity Agreement].

5.     On October 23, 2015, Amerisure filed its original complaint in this

Action. [D.E. 1]. An amended complaint was filed on December 11, 2015 [D.E. 24].

6.    TSG and B & B were added as parties to this Action as nominal parties to be bound because, in the Underlying Action, they were found to be liable to Arch and Auchter who were defendants in the Underlying Action. *See Hernandez v. Ferris*, 917 F. Supp. 2d 1224, 1227 (M.D. Fla. 2012) (finding that nominal parties are parties that have no legal interest in the outcome of a dispute). Amerisure's First Amended Complaint states that TSG and B & B were joined because they were found to be liable to Arch and Auchter in the Final Judgment entered in the Underlying Action. [D.E. 24, p. 7, ¶¶ 14-15].[1]

7.    No claims or request for relief was originally, or has been, sought from TSG or B & B as nominal parties in this Action by Amerisure, Arch or Landmark. [D.E. 24, p. 7, ¶¶ 14-15, D.E. 116, and D.E. 55]; *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317-1318 (11th Cir. 2017) (stating that nominal or formal parties are those that are neither necessary nor indispensable to the action, and a final judgment can be entered in the absence of those parties); *Property Choice Group, Inc. v. LaSalle Bank Nat. Ass'n*, 2012 WL 2568138, at *1 (M.D. Fla. July 2, 2012) ((noting that "[a] nominal party includes a party with no legal interest in the outcome of the action and a party in whose absence the plaintiff can obtain sufficient

---

[1] The inclusion of TSG and B & B did not affect federal jurisdiction as complete diversity existed between the parties.

relief").

8.     Additionally, neither TSG nor B & B have filed an appearance in this Action nor has either party filed any pleadings or otherwise.  The dispute in this Action centered on whether Amerisure and Landmark owed Arch, as subrogee and assignee of Auchter, any coverage in connection with the Final Judgment in the Underlying Action and Arch's settlement thereof, and, if so, the primacy of coverage between Amerisure and Landmark.  All of these issues have been resolved via the Final Judgment in this Action.  Thus, insofar as there were no claims or requests for relief ever asserted against TSG and B & B, the District Court's judgment, entered on November 17, 2022 [D.E. 343], is final and disposes of all claims and causes of action between the parties of interest in this Action. A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

9.     Likewise, there are no remaining claims pending against Auchter, as all of Auchter's claims, rights and obligations have been assigned to Arch, and Arch, via its settlement with Amerisure, assigned such claims to Amerisure.

10.     Auchter was named as a party in this Action because it was a named insured on the Amerisure Policies [D.E. 24, pp. 23-24], and qualifies as an additional insured under the Landmark Policies [D.E. 24, pp. 21-22].  After the entry of the

5

Final Judgment, Arch – as the bondholder[2] and surety – entered into a settlement agreement in the Underlying Action whereby it satisfied all of Auchter's obligations owed in the Underlying Action as set forth in the Final Judgment. [D.E. 116, pp. 8-10, ¶¶31-40]. Auchter assigned all its rights to Arch,[3] and Arch asserted claims against Landmark and Amerisure as a subrogee, assignee and indemnitee of Auchter. [D.E. 116]. Having satisfied all of Auchter's obligations for the Final Judgment, Arch was the real party in interest in this Action.

11.    Additionally, on May 20, 2021, Amerisure and Arch filed a Notice of Settlement. [D.E. 334.] As part of the settlement, Arch assigned to Amerisure Mutual Insurance Company all of its claims, subrogation rights, proceeds and recoveries that Arch, on behalf of itself, and as subrogee, indemnitee, and assignee of Auchter, had, has, may have whether in the past, present or future, against Landmark that "relate in any way to the Final Judgment in the RAP Litigation, the RAP Litigation, the Coverage Action, Arch Indemnity Action [*Auchter* lawsuit], the Limited Release, and the RAP Settlement, including, but not limited to, any claims for the Window System . . . as set forth in the Final Judgment, and any claims for defense costs paid or incurred by Arch in the RAP Litigation, interest (pre- and post-

---

[2] Under the terms of the bond, Arch as a surety guaranteed the obligation of Auchter under the construction contract for the Project. [D.E. 116, p. 8, ¶¶31-32].

[3] Additionally, Arch and Auchter entered into a General Agreement of Indemnity ("GIA") wherein Auchter agreed to indemnify and hold harmless Arch for all losses relating to the issuance of the construction bond. [D.E. 116, p. 8, ¶32].

judgment) …." [D.E. 336-1, pp. 1-2]. Accordingly, Auchter has no interest in this litigation, and there are no claims pending directly against Auchter.

12.     Accordingly, this Court has appellate jurisdiction under 28 U.S.C. § 1291 because the District Court's judgment, entered on November 17, 2022 [D.E. 343], is final and disposes of all claims and causes of action between the parties.

WHEREFORE, Landmark and Amerisure respectfully request that this Court find that all claims in this Action have been finally and fully resolved by the District Court's Final Judgment of November 17, 2022.

Dated: September 5, 2023

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By:  /s/ *Donald E. Elder*<br>*Attorney for Amerisure Insurance Company and Amerisure Mutual Insurance Company* | By:  /s/ *Spencer Mallard*<br>*Attorney for Landmark American Insurance Company* |
| Donald E. Elder (# 964822776)<br>Brett L. Warning (IL Bar # 6199057)<br>Anthony N. Balice (IL Bar # 6271902)<br>Emerson & Elder, P.C.<br>53 West Jackson Blvd., Suite 526<br>Chicago, IL 60604<br>dee@emersonelder.com<br>brett@emersonelder.com<br>tony@emersonelder.com<br>Tel: (312) 520-2502<br>Fax: (312) 265-1603 | D. Spencer Mallard, Esq.<br>(FL Bar # 26497)<br>Jeremy W. Harris, Esq.<br>(FL Bar # 41131)<br>LYDECKER LLP<br>1221 Brickell Avenue, 19th Floor<br>Miami, FL 33131<br>sm@lydecker.com<br>jharris@lydecker.com<br>Tel: (305) 416-3180<br>Fax: (305) 416-3190 |

Respectfully submitted,

By:   /s/ *Andrew F. Russo*
*Attorney for Amerisure Insurance*
*Company and Amerisure Mutual*
*Insurance Company*

Andrew F. Russo, (FBN 508594)
Rywant, Alvarez, Jones, Russo
& Guyton, P.A.
302 Knights Run, Suite 1000
Tampa, Florida 33602
arusso@ywantalvarez.com
Tel: (813) 229-7007
Fax: (813) 223-6544

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, the foregoing document is being served this day on all parties who have appeared through the Court's CM/ECF system.

By:   /s/ *Donald E. Elder*
*Attorney for Amerisure Insurance Company and*
*Amerisure Mutual Insurance Company*

Donald E. Elder (# 964822776)
Emerson & Elder, P.C.
53 West Jackson Blvd., Suite 526
Chicago, IL 60604
dee@emersonelder.com
Tel: (312) 520-2502

**<u>Certificate of Compliance With Type-Volume Limit,</u>**
**<u>Typeface Requirements, and Type-Style Requirements</u>**

1. This document complies with [the type-volume limit of FRAP 32(a)(4)(5).

   ✓ this document contains 1,467 words, or

   ☐ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ✓ this document has been prepared in a proportionally spaced typeface using MS Word in 14 font size and Times New Roman type style, or

   ☐ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

By: _**/s/ Donald E. Elder**_

*Attorney for Amerisure Insurance Company and*
*Amerisure Mutual Insurance Company*
DATED: 5th day of September, 2023.

**<u>Amerisure Insurance Company and Amerisure Mutual Insurance Company's</u>**
**<u>Certificate of Interested Persons and Corporate Disclosure Statement</u>**
**<u>Pursuant to FRAP 26.1(a) and 11th Cir. R. 26.1-1</u>**

No. 22-14136
*Amerisure Insurance Company, et al. v. Landmark American*
*Insurance Company*

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellees, Amerisure Insurance Company and Amerisure Mutual Insurance Company, et al. ("Amerisure"), submit the following:

1) A complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Alhadeff, Seth Victor, counsel for Arch Insurance Company

- Allianz Reinsurance American, Appellee

- Allianz Resolution Management, Appellee

- Amerisure Insurance Company, Appellee

- Amerisure Mutual Insurance Company, Appellee

- Arch Insurance Company, Defendant

- The Auchter Company

- Baker, Terre, of Amerisure Insurance Company and Amerisure Mutual Insurance Company

- Balice, Anthony N., counsel for Appellees

- Beach, Joel L., Assistant V.P. for Arch Insurance Company

- Darroch, Robert M., counsel for FCCI Insurance Company and National Trust Insurance Company

- Davis, Honorable Brian J., United States District Judge

- Ehrenreich, Todd R., counsel for Arch Insurance Company

- Elder, Donald E., counsel for Appellees

- Emerson & Elder, PC, counsel for Appellees

- Ender, Kathryn Lee, counsel for Arch Insurance Company

- FCCI Insurance Company

- Goldenberg, Brian S., counsel for Arch Insurance Company

- Goodman McGuffey LLP, counsel for FCCI Insurance Company and National Trust Insurance Company

- Goodman, William, of Allianz Reinsurance America, Inc. and Allianz Resolution Management

- Haas, Stephanie, of Amerisure Insurance Company and Amerisure Mutual Insurance Company

- Harman, Rachel L., counsel for FCCI Insurance Company and National Trust Insurance Company

- Harris, Jeremy Wayne, counsel for Appellant

- Kasbohm, Pam, of Allianz Reinsurance America, Inc. and Allianz

Resolution Management

- Landmark American Insurance Group, Appellant

- Lewis Brisbois Bisgaard & Smith LLP, counsel for Arch Insurance Company

- Lydecker, LLP, counsel for Appellant

- Mallard, Dana Spencer, counsel for Appellant

- Meier, Phyllis L., of Amerisure Insurance Company and Amerisure Mutual Insurance Company

- National Trust Insurance Company

- RSUI Group, Inc.

- RSUI Indemnity Company

- Russo, Andrew F., counsel for Appellees

- Rywant, Alvarez, Jones, Russo & Guyton, P.A., counsel for Appellees

- TSG Industries, Inc.

- Warning, Brett L., counsel for Appellees

2)  The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

None other than those identified in Paragraph 1 above.

3)  The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

None other than those identified in Paragraph 1. In addition, there are no bankruptcy cases known to Amerisure that includes any entity or individual that is likely to be an active participant in the proceedings.

4)   The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

None known to Amerisure.

Respectfully submitted,

By:   /s/ *Donald E. Elder*
**Attorney for Amerisure Insurance Company and**
**Amerisure Mutual Insurance Company**

Donald E. Elder (# 964822776)
Emerson & Elder, P.C.
53 West Jackson Blvd., Suite 526
Chicago, IL 60604
dee@emersonelder.com
Tel: (312) 520-2502

## <u>Landmark American Insurance Company's Certificate of Interested Persons and Corporate Disclosure Statement Pursuant to FRAP 26.1(a) and 11th Cir. R. 26.1-1</u>

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant, Landmark American Insurance Company et al. ("Landmark"), submits the following:

1) A complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Amerisure Insurance Company, Appellee

- Amerisure Mutual Insurance Company, Appellee

- Arch Insurance Company, Defendant

- Emerson & Elder, PC, counsel for Appellees

- FCCI Insurance Company

- Goodman McGuffey LLP, counsel for FCCI Insurance Company and National Trust Insurance Company

- Landmark American Insurance Group, Appellant

15

- Lewis Brisbois Bisgaard & Smith LLP, counsel for Arch Insurance Company

- Lydecker, LLP, Counsel for Appellant Landmark American Insurance Company

- National Trust Insurance Company

- RSUI Group, Inc.

- RSUI Indemnity Company

- Rywant, Alvarez, Jones, Russo & Guyton, P.A., counsel for Amerisure

- Seth Victon Alhadeff, counsel for Arch Insurance Company

- Anthony N. Balice, counsel for Appellees

- Robert M. Darroch, counsel for FCCI Insurance Company and National Trust Insurance Company

- Honorable Brian J. Davis, United States District Judge

- Todd R. Ehrenreich, counsel for Arch Insurance Company

- Donald E. Elder, Counsel for Appellees

- Kathryn Lee Ender, counsel for Arch Insurance Company

- Brian S. Goldenberg, counsel for Arch Insurance Company

- Rachel L. Harman, counsel for FCCI Insurance Company and National Trust Insurance Company

- Jeremy Wayne Harris, counsel for Appellant Landmark American Insurance Company

- Dana Spencer Mallard, counsel for Appellant Landmark American Insurance Company

- Brett L. Warning, counsel for Appellees

2) The name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

None other than those identified in Paragraph 1 above.

3) The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

None other than those identified in Paragraph 1. In addition, there are no bankruptcy cases known to Landmark that includes any entity or individual that is likely to be an active participant in the proceedings.

4) The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

None known to Landmark.

Respectfully submitted,

By: **/s/ Jeremy W. Harris**
*Counsel for Landmark Insurance Company*
D. Spencer Mallard, Esq.
(FL Bar # 26497)
Jeremy W. Harris, Esq.
(FL Bar # 41131)
LYDECKER, LLP 1
221 Brickell Avenue, 19th Floor
Miami, FL 33131
sm@lydecker.com
jharris@lydecker.com
Tel: (305) 416-3180
Fax: (305) 416-3190